## D. F. GOODELL, INSOLVENT, *v.* HIS CREDITORS.

INSOLVENCY PETITION.—A petition in insolvency should show the date of the debts, as those which existed prior to the passage of the insolvent debtors act, are not affected by it.

ADJOURNED into this court from the second judicial district, Boise county.

*W. R. Keithly,* for the petitioner.

*Rosborough & Preston,* for the creditors.

CUMMINS, J., delivered the opinion of the court, MC-BRIDE, C. J., and KELLY, J., concurring.

The petitioner, Goodell, filed his petiton July 9, 1866, seeking the benefit of the insolvent debtor's act.

To this petition two of his creditors interpose a demurrer upon the ground that such petition does not set forth or show the nature of the debts from which the petitioner seeks to be discharged, nor the time when they were contracted, whether before or subsequent to the passage of the act referred to. The cause was certified into this court for trial upon this demurrer by the district court of the second district.

The petition contains a statement of but a few of the facts necessary to entitle a debtor to a discharge under the territorial insolvent law. It does not show when a single one of the debts sought to be barred by this proceeding was contracted. This is absolutely necessary, for debts which existed at the time of the passage of this act can not be affected by any proceedings under it. A different rule would violate the constitutional inhibition against impairing the obligation of contracts.

It is firmly established by judicial decision that the states—and I will not now discuss the question whether there is any denial to or want of the same power in the territories—still retain the power to pass insolvent and bankrupt laws. But this power is not unlimited, as it was before the adoption of the federal constitution. It does not extend to the passing of insolvent or bankrupt acts which shall dis-

charge the obligation of antecedent contracts. It can discharge such contracts only as are made or entered into subsequently to the passage of such acts. Therefore, a discharge under these statutes is no bar to an action on a contract existing at the time when the act went into operation. (2 Kent, 503.) And hence, in passing the territorial act under which this proceeding is instituted, it was attempted, at least, to comply with this fundamental law, as will be seen by reference to section 24, although it is somewhat ambiguous.

For the reason, then, that antecedent contracts can not be discharged, it becomes necessary in all cases that the petition should show the date of each debt. The omission of this, as in this case, is a failure to state material facts, without which an adjudication can not be had.

The demurrer is sustained, the cause remanded back, with leave to the petitioner to amend his petition if warranted by the facts.